United States District Court
Southern District of Texas
**ENTERED**
September 20, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY D TOW, | § | |
| | § | |
| Appellant, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-3024 |
| | § | |
| VENTECH HOLDINGS 3 LLC, | § | |
| | § | |
| Appellee. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a bankruptcy appeal. The appellant is the trustee for the estate of the debtor ("the Trustee"), the debtor being Ventech Engineers L.P. ("Ventech"). The appellee, Ventech Holdings 3, LLC ("V3"), was the sole remaining defendant in an adversary proceeding filed by the Trustee. (Dkt. 2 at p. 9). After the Trustee dismissed two other defendants, the bankruptcy court granted V3's motion for judgment on the pleadings and denied the Trustee's request for an opportunity to replead. (Dkt. 2 at pp. 47–49, 92, 97–98, 182). The Court **REVERSES** the bankruptcy court's judgment and **REMANDS** this case to the bankruptcy court for further proceedings consistent with this opinion.

**I.    BACKGROUND**

Ventech filed a voluntary Chapter 7 bankruptcy petition on May 26, 2017. *See* Southern District of Texas bankruptcy case number 17-33203 at docket entry 1. On October 22, 2019, the Trustee filed an adversary proceeding and named as defendants V3; the Internal Revenue Service ("the IRS"); and Charles P. Rettig, in his official capacity as IRS Commissioner ("Rettig"). (Dkt. 2 at pp. 2, 9–10).

In his complaint, the Trustee alleged that V3, which owned a 70% interest in Ventech, colluded with Stanley Investment Partners, Inc. ("SIPI"), another part-owner of Ventech, to use Ventech's operating account to improperly pay over $2 million in V3's and SIPI's tax liabilities. (Dkt. 2 at p. 10). The Trustee further alleged that V3's portion of the improperly transferred funds amounted to $1,638,592.63. (Dkt. 2 at p. 10). The Trustee pled claims for: (1) avoidance of the tax transfer under 11 U.S.C. § 548(a)(1)(B) against V3; (2) avoidance of the tax transfer under 11 U.S.C. § 544(b) and the Texas Uniform Fraudulent Transfer Act ("TUFTA") against all defendants; (3) recovery of the tax transfer under 11 U.S.C. § 550(a)(1) against all defendants; and (4) recovery of the tax transfer under 11 U.S.C. § 544(b) and TUFTA against all defendants.[1] (Dkt. 2 at pp. 11–13).

The United States moved to dismiss the adversary proceeding under Federal Rule of Civil Procedure 12(b)(6) as facially time-barred. (Dkt. 2 at pp. 17–21). In its motion, the United States argued that the statute of limitations for avoidance actions is two years from the date of the bankruptcy filing and that the Trustee's own complaint established that the Trustee filed the adversary proceeding more than two years after Ventech filed its bankruptcy petition. (Dkt. 2 at pp. 17–21). Before the bankruptcy court ruled on the motion to dismiss, the Trustee filed, and the bankruptcy judge signed, an agreed order dismissing the IRS and Rettig with prejudice, leaving V3 as the lone remaining defendant. (Dkt. 2 at pp. 47–49).

---

[1] The Trustee did not name SIPI as a defendant.

V3 then filed a motion for judgment on the pleadings. (Dkt. 2 at p. 50). In its motion, V3 argued that the Trustee could not possibly recover on his claims against V3 because all of his claims against the IRS and Rettig had now been dismissed with prejudice. (Dkt. 2 at p. 52). According to V3,

> [i]n order to recover from a subsequent transferee or beneficiary, a Trustee must first avoid the transfer of the Debtor's interest to the initial transferee under § 548. [TUFTA] has the same requirement. Because the Trustee has not avoided the Tax Payment to the IRS—and can never do so—he cannot recover from the alleged beneficiary of the Tax Payment.
> Dkt. 2 at p. 52 (citations omitted).

In other words, because it was now impossible for the Trustee to prevail on an avoidance action against the IRS and Rettig (the initial transferees), it was consequently impossible for the Trustee to recover from V3 (whom the Trustee sued as a beneficiary).

In his response, the Trustee contended that he did not need to prevail on an avoidance action against the IRS and Rettig in order to recover from V3. (Dkt. 2 at pp. 65–69). To recover from V3 under the Trustee's reading of the applicable statutes, the Trustee only needed to prove that the challenged tax transfer met the elements of an avoidable transfer; he did not need to show that the tax transfer had actually been avoided in an action against the initial transferee. (Dkt. 2 at pp. 65–69). As the Trustee put it, "so long as the elements of a fraudulent transfer are met under the Bankruptcy Code or TUFTA, the Trustee may recover the value of that transfer from any beneficiary of the transfer." (Dkt. 2 at p. 65).

The Trustee and V3 both provided extensive briefing to the bankruptcy court. As the Court discusses further below, the parties' briefing makes clear that there is no

binding authority on the question of whether the law requires the Trustee to prevail on an avoidance action against the IRS and Rettig in order to recover from V3. The ample persuasive authority somewhat strongly favors the Trustee; but it does not do so unanimously, and one circuit court opinion favors V3. In any event, the bankruptcy court granted V3's motion. (Dkt. 2 at p. 92). The bankruptcy court's order does not explain its reasoning beyond expressly declining to rule on V3's avoidance argument. In its entirety, the order reads:

> WHEREAS, Defendant [V3] having filed its Motion for Judgment on the Pleadings (the "Motion") and the Court, having considered the Motion and the responses and replies, and being of the opinion that the relief requested in the Motion should be granted. In granting the motion, the Court does not opine on whether a claim to recover the subject payment exists; rather, the Court grants the motion based on the claims and facts actually asserted by the Trustee.
> Dkt. 2 at p. 92.

The bankruptcy court's order did not specify whether the dismissal of the Trustee's claims against V3 was with or without prejudice. (Dkt. 2 at p. 92). However, the bankruptcy court, in a separate one-sentence order, denied a subsequent motion in which the Trustee sought both clarification that the dismissal was without prejudice and an opportunity to amend his complaint. (Dkt. 2 at pp. 93–114, 182). The Trustee filed a notice of appeal. (Dkt. 2 at p. 184).

## II. BANKRUPTCY APPEALS AND RULE 12(c)

Federal district courts have jurisdiction to hear appeals from the final judgments of bankruptcy judges. 28 U.S.C. § 158(a). An appeal to a district court from the bankruptcy court "shall be taken in the same manner as appeals in civil proceedings generally are

taken to the courts of appeals from the district courts[.]" 28 U.S.C. § 158(c)(2). This Court reviews the bankruptcy court's legal conclusions *de novo*. *In re Perry*, 345 F.3d 303, 309 (5th Cir. 2003).

In this case, the bankruptcy judge granted V3's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Dkt. 2 at pp. 50–53, 92). The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). A complaint can be dismissed under Rule 12(b)(6) if the factual allegations it contains, taken as true, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.
> *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are granted sparingly. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Moreover, "[i]t is well-established that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." *Parker v. Allstate Insurance Co.*, No. 3:16-CV-892, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) (quotation marks omitted); *see also Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating dismissal with prejudice under Rule 12(c) and remanding with instructions to dismiss the case "without prejudice to the plaintiff's right to amend [his complaint] within a reasonable time") ("The district court correctly found that the complaint does not now state a claim against the defendant. But the plaintiff should have the opportunity to advance such a claim if it exists.").

### III. ANALYSIS

The central legal issue presented by V3's motion and the Trustee's appeal is whether the law requires the Trustee to prevail on an avoidance action against the IRS and Rettig in order to recover from V3 under 11 U.S.C. § 550. V3 contends that the law so requires, while the Trustee contends that he need only show that the challenged transfer met the elements of a fraudulent transfer under the Bankruptcy Code or TUFTA and need not show that the transfer was successfully challenged in an avoidance action. The caselaw does not provide a definitive answer. There is no binding case authority on the question, and the available persuasive authority somewhat strongly favors the Trustee but is not unanimous.

The Court agrees with the cases cited by the Trustee. The Court must set aside the determination of the avoidance-action question, however, because the posture of this case requires reversal for a different reason: the bankruptcy court did not expressly hold that the Trustee's recovery action against V3 is foreclosed as a matter of law, yet the bankruptcy court denied the Trustee an opportunity to amend his complaint. The Court further respectfully suggests that, if the bankruptcy court specifically rules on remand that the Trustee's recovery action against V3 is indeed foreclosed as a matter of law, then that legal issue may be appropriate for certification for direct appeal to the Fifth Circuit under 28 U.S.C. § 158(d).

—*The relevant caselaw*

The caselaw does not definitively settle this appeal's central legal question. No Supreme Court authority discusses whether the law requires a bankruptcy trustee to prevail on an avoidance action against an initial transferee in order to recover from the beneficiary of a transfer under 11 U.S.C. § 550. No Fifth Circuit opinion that the Court could find directly addresses the issue, and although two Fifth Circuit cases touch on it peripherally, they provide inconsistent guidance. *Compare In re T.B. Westex Foods, Inc.*, 950 F.2d 1187, 1189–95 (5th Cir. 1992) (holding that a transfer was recoverable from an initial transferee under 11 U.S.C. § 550 because the debtor in possession had proven that the transfer was "*avoidable*") (emphasis added) *with In re Criswell*, 102 F.3d 1411, 1418 (5th Cir. 1997) (stating that a trustee may recover under 11 U.S.C. § 550 "*once he has avoided* a transfer pursuant to § 547 or some other transfer-avoiding statute") (emphasis added).

7 / 12

Given the dearth of binding authority, both sides here rely on persuasive authority. The available persuasive authority, though not unanimous, somewhat strongly favors the Trustee. It is true that one circuit court—the Tenth Circuit—supports V3's position. *See In re Slack-Horner Foundries Co.*, 971 F.2d 577, 580 (10th Cir. 1992) ("[I]n order to recover from a subsequent transferee the trustee must first have the transfer of the debtor's interest to the initial transferee avoided under § 548."). But *Slack-Horner*, which was a split panel decision, has been strongly criticized even within its own circuit, with one Tenth Circuit bankruptcy court saying that "*Slack-Horner* is a minority position, and the argument that it was wrongly decided is attractive." *In re Brooke Corp.*, 488 B.R. 459, 466 (Bankr. D. Kan. 2013). Moreover, the Eleventh Circuit disagrees with *Slack-Horner* and supports the Trustee's position. *See In re International Administrative Services, Inc.*, 408 F.3d 689, 706–08 (11th Cir. 2005) ("Section 550(a) does not mandate a plaintiff to first pursue recovery against the initial transferee and successfully avoid all prior transfers against a mediate transferee."). The Ninth Circuit's Bankruptcy Appellate Panel agrees with the Eleventh Circuit. *See In re AVI, Inc.*, 389 B.R. 721, 732–35 (9th Cir. BAP 2008) ("[A] trustee is not required to avoid the initial transfer from the initial transferee before seeking recovery from subsequent transferees under § 550(a)(2)."). Several opinions from the district and bankruptcy courts within the Fifth Circuit, including at least two from this District, explicitly support the Trustee's view and reject V3's. *See In re Brown Medical Center, Inc.*, Nos. 16-0084, 15-3229, 2017 WL 5067603, at *3 (S.D. Tex. Sept. 11, 2017) (J. Atlas) ("[T]he Court rejects Attorney Brown's argument that he is entitled to summary judgment because the Plan Trustee did not first

avoid the transfers from BMC to Brown."); *In re Giant Gray, Inc.*, Nos. 18-31910, 20-3127, 20-3129, 2020 WL 6226298, at *9–11 (Bankr. S.D. Tex. Oct. 22, 2020) ("[T]his Court finds that § 550 does not require Trustee to bring an action against Ray Davis, the initial transferee, or his estate, to recover from the Defendants as mediate transferees."); *In re Mirant Corp.*, Nos. 03-046590, 05-4142, 2010 WL 8708772, at *35 (Bankr. N.D. Tex. Apr. 22, 2010) ("[T]his court does not believe that section 550 requires a party such as MCAR to avoid the transfer to Mirant Investments before proceeding against Commerzbank[.]"). A prominent bankruptcy treatise similarly endorses the Trustee's position. *See* 5 *Collier on Bankruptcy* ¶ 550.02 ("Recovery 'to the extent that' a transfer is avoided has been interpreted to require a successful avoidance action against the initial transferee before recovery may be had from a subsequent transferee. The better view, adopted by the majority of courts, is that a transfer may be found avoidable and a recovery may be had from a subsequent transferee without suing the initial transferee.").

The Court has reviewed the available case authority and agrees with the cases cited by the Trustee. The Court finds the *Brooke* and *Mirant* cases especially notable because they squarely reject V3's argument that the Trustee's claims fail as a matter of law because an avoidance action against Rettig and the IRS would be time-barred. *Brooke*, 488 B.R. at 465–66; *Mirant*, 2010 WL 8708772 at *35. *Brooke*, in particular, is materially indistinguishable from this case. *Brooke*, 488 B.R. at 465–66 (holding that a bankruptcy trustee could recover from the beneficiary of a transfer under 11 U.S.C. § 550 even though the trustee had not prosecuted an avoidance action against the initial

transferees and could not prosecute such an avoidance action because limitations had run).

—*The bankruptcy court should have given the Trustee leave to amend.*

That said, it is not clear that a reversal on the merits is in order. The posture of this case presents a more fundamental problem: the bankruptcy judge did not explicitly rule on the central legal issue, yet he denied the Trustee a chance to amend his complaint. Under the circumstances, denying the Trustee's request for leave was improper.

The specific reasons for which the bankruptcy judge dismissed the case are not apparent from the record. The sole ground on which V3's motion sought dismissal was V3's argument that, "[i]n order to recover from a subsequent transferee or beneficiary, a Trustee must first avoid the transfer of the Debtor's interest to the initial transferee under § 548." (Dkt. 2 at p. 52). Citing *Slack-Horner*, V3 sought a legal holding that "[b]ecause the Trustee has not avoided the Tax Payment to the IRS—and can never do so—he cannot recover from the alleged beneficiary of the Tax Payment." (Dkt. 2 at p. 52). Yet the bankruptcy judge's order appears to expressly disclaim that ground for decision by saying that the bankruptcy judge is "not opin[ing] on whether a claim to recover the subject payment exists[.]" (Dkt. 2 at p. 92).[2] The order instead "grants the motion based on the claims and facts actually asserted by the Trustee." (Dkt. 2 at p. 92). In the context of the record, the order's language is unclear; if the bankruptcy judge was not following *Slack-Horner* and holding that the Trustee could not recover from V3 as a matter of law

---

[2] The bankruptcy judge did not sign V3's proposed order, which would have simply granted V3's motion "as set forth herein[.]" (Dkt. 2 at pp. 55, 92).

because the Trustee could not possibly show that the challenged transfer was avoided in a proceeding against the IRS, then this Court cannot determine why the bankruptcy judge granted V3's motion.

More to the point, if the bankruptcy judge was not following *Slack-Horner*, then the Trustee was without question entitled to an opportunity to amend his complaint and plead his best case before his case was dismissed with prejudice. *Hines*, 539 F.2d at 434; *Parker*, 2017 WL 4287912 at *1. If the bankruptcy judge *was* following *Slack-Horner*, then this Court agrees with the cases cited earlier in this opinion that reject *Slack-Horner* as wrongly decided. Either way, the bankruptcy court's judgment must be reversed. The Court notes that, if the bankruptcy court specifically rules on remand that the Trustee's recovery action against V3 is indeed foreclosed as a matter of law, then that legal issue may be appropriate for certification for direct appeal to the Fifth Circuit. *See* 28 U.S.C. § 158(d) ("The appropriate court of appeals shall have jurisdiction [over an appeal from the final judgment of a bankruptcy court] if the bankruptcy court . . . certif[ies] that . . . the judgment . . . involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States[.]").

## IV.  CONCLUSION

The Court **REVERSES** the bankruptcy court's judgment, and this case is **REMANDED** for further proceedings consistent with this opinion.

SIGNED at Houston, Texas, this 20th day of September, 2021.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE